UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA MAYER | CIVIL ACTION |
| VERSUS | NUMBER 04-720 |
| ACCESS AMERICA, ET AL. | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is World Access Corporation and BCS Insurance Company's ("Defendants") Motion for Summary Judgment (Rec. Doc. 136) and Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rec. Doc. 138).[1] The Court heard oral argument and took these motions under advisement. For the following reasons, the Defendants' motion for summary judgment is DENIED and the Defendants' motion to dismiss is GRANTED.

### I.   BACKGROUND

The facts of this case are detailed in the Court's Order and Reasons dated June 20, 2005. *See* Rec. Doc. 76. Therefore, rather than recount the factual background, the Court will proceed directly to the substance of the motions.

### II.   PRESENT MOTIONS

#### A.   Defendants' Motion for Summary Judgment

Summary judgment will be granted only if the pleadings, depositions, answers to

---

[1] In April 2006, the Plaintiff settled her claims against United Airlines, Inc. and, by stipulation, the Court granted partial dismissal pursuant to Rule 41(a)(1)(ii) of all claims against United Airlines, Inc. *See* Rec. Doc. 133.

interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).

In the present motion, the Defendants once again argue that no genuine issues of material fact exist in this case and that they are entitled to judgment as a matter of law. The Court previously denied a similar motion for summary judgment by the Defendants:

> While the Movants claim that the Plaintiff was afforded all assistance required by the policy, the Plaintiff claims that the Movants failed to provide all of the promised services. Therefore, due to this factual dispute, the Court cannot find, as a matter of law, that World Access and BCS Insurance provided the Plaintiff with every service to which she was entitled under the insurance policy. Further, the Movants' alleged lack of promptness and effort in assisting the Plaintiff also raises issues of fact regarding the Movants' good faith and fair dealing.

*See* June 20, 2005 Order & Reasons at 7, Rec. Doc. 76.

Attached to the present motion, the Defendants submit the affidavit of Josh Chapman, Assistant Secretary and Director of Travel Operations for World Access, and the March 2003 case notes of the World Access medical staff reflecting various communications and activities relating to the Plaintiff. The Defendants argue that these materials demonstrate that the Plaintiff received every service to which she was entitled under the insurance policy, and that summary judgment is thus appropriate.

Upon review of Mr. Chapman's affidavit and the case notes of the medical staff, the Court finds that these materials do not resolve the factual disputes previously identified by the Court. While the case notes describe the various services provided to the Plaintiff, the adequacy

of the services provided is a factual question for a jury to decide.  *See, e.g., Fleming v. Am. Auto. Ass'n, Inc.*, 99-1638, p.10-11 (La. App. 4 Cir. 6/21/00); 764 So. 2d 274, 280-81 (upholding $1,000,000 general damages award in a breach of contract case involving a travel insurance policy).  Accordingly, as the Court has noted on several occasions, summary judgment is not appropriate in this case.

      **B.**     **Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)**

The Defendants also move the Court to dismiss the Plaintiff's causes of action for medical malpractice, negligence, vicarious liability, and fraud contained in her Second Amended and Supplemental Complaint.  The Court will address each of these new causes of action in turn.  In resolving the Defendants' Rule 12(b)(6) motion, the Court must accept the well-pleaded allegations in the Plaintiff's complaint as true.  The Plaintiff's claims will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Moran v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

          **1.**     *Medical Malpractice (¶¶ 68, 69, 70)*

In paragraphs 68, 69, and 70, the Plaintiff alleges that World Access is liable under the provisions of the Louisiana Medical Malpractice Act.  The Defendants argue that World Access is not a "health care provider," and therefore that the Medical Malpractice Act does not apply.  The Act defines "health care provider" as any "corporation . . . licensed or certified by this state to provide health care or professional services as a physician, hospital, nursing home, [etc.]."  La. Rev. Stat. Ann. § 40:1299.41(A)(1).  World Access is clearly not a health care provider as defined by the Act.  Therefore, the Plaintiff's claims under Louisiana's Medical Malpractice Act

in paragraphs 68, 69, and 70 of her Second Amended and Supplemental Complaint are hereby dismissed with prejudice

### 2. *Tort law negligence (¶ 70)*

In paragraph 70, the Plaintiff alleges that World Access is liable in tort for its negligence in failing to provide Physician Monitored Medical Services and in handling her medical emergencies. The Defendants argue that any alleged duties in this case arise in contract, not tort. Indeed, absent the insurance contract, the Defendants would have no duty to provide the services the Plaintiff alleges were not provided. An action in contract flows from a breach of a special obligation while an action in tort flows from the violation of a general duty. *See, e.g., Parro v. Fifteen Oil Co.*, 26 So. 2d 30 (La. Ct. App. 1946). First-party claims by an insured against its insurance company sound in contract, not tort. *See Campbell v. Markel Am. Ins. Co.*, 00-1448 (La. App. 1 Cir. 9/21/01); 822 So. 2d 617, 622. Accordingly, the general allegations of negligence in paragraph 70 of the Plaintiff's Second Amended and Supplemental Complaint are hereby dismissed with prejudice.

### 3. *Vicarious Liability (¶¶ 66-67)*

In paragraphs 66 and 67, the Plaintiff alleges that World Access is vicariously liable unto her due to its negligence in failing to have a supervising physician monitoring its employees. Without addressing whether the Defendants can be held vicariously liable under Article 2320 of the *Louisiana Civil Code* for their own actions, the Court notes that this dispute sounds in contract and therefore the tort concept of vicarious liability is inapplicable. Accordingly, the Plaintiff's vicarious liability claims in paragraphs 66 and 67 of her Second Amended and Supplemental Complaint are hereby dismissed with prejudice.

### 4.     *Fraud (¶¶ 64, 71)*

In paragraphs 64 and 71, the Plaintiff alleges that World Access's promise to provide physician-monitored services was fraudulent under Article 1953 of the *Louisiana Civil Code* given World Access's admission that "there was no doctor in the house."

World Access argues that this bare allegation of fraud is not pled with the requisite particularity required by Rule 9(b) of the *Federal Rules of Civil Procedure*.  To state a cause of action for fraud under Article 1953, the Plaintiff must allege both a misrepresentation, suppression, or omission of true information and the intent to obtain an unjust advantage or to cause damage or inconvenience to another.  *See Fenner v. DeSalvo*, 01-2223 (La. App. 4 Cir. 4/17/02); 826 So. 2d 39.

While the Plaintiff has sufficiently alleged what she believes to be a misrepresentation, she has not sufficiently alleged a fraudulent intent as required by Article 1953.  Accordingly, the Plaintiff's fraud claims in paragraphs 64 and 71 of her Second Amended and Supplemental Complaint are hereby dismissed.  However, the dismissal of the fraud claims is without prejudice.

## III.    CONCLUSION

For the aforementioned reasons, IT IS ORDERED that the Defendants' Motion for Summary Judgment is DENIED.  IT IS FURTHER ORDERED that the Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED and that the Plaintiff's medical malpractice, negligence, and vicarious liability claims in her Second Amended and Supplemental Complaint are DISMISSED WITH PREJUDICE and the Plaintiff's

fraud claims in her Second Amended and Supplemental Complaint are DISMISSED WITHOUT PREJUDICE.

    New Orleans, Louisiana, this  2nd  day of  January , 2007.

                                                      UNITED STATES DISTRICT JUDGE